# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| VALEISHA ROUNDTREE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 16 C 10942 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Valeisha Roundtree brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration Commissioner's decision denying her application for benefits. For the reasons set forth below, the Court affirms the Commissioner's decision.

## Background

Plaintiff filed an application for disability benefits on June 24, 2013, alleging a disability onset date of June 28, 2006. (R. 72-74.) Plaintiff's application was denied initially on August 8, 2013, and on reconsideration on February 7, 2014. (R. 72, 87.) An Administrative Law Judge ("ALJ") held a hearing on plaintiff's application on July 13, 2015. (*See* R. 28-71.) On October 16, 2015, the ALJ denied plaintiff's application. (*See* R. 10-21.) The Appeals Council denied plaintiff's request for review (R. 1-3), leaving the ALJ's decision as the final decision of the

---

[1] On January 23, 2017, Nancy A. Berryhill succeeded Carolyn W. Colvin as Acting Commissioner of Social Security. *See* https://www.ssa.gov/agency/commissioner.html (last visited June 2, 2017). Accordingly, the Court substitutes Berryhill for Colvin pursuant to Federal Rule of Civil Procedure 25(d).

Commissioner, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the

burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from the alleged onset date through her date last insured, December 31, 2011. (R. 12.) At step two, the ALJ determined that plaintiff has the severe impairments of "sarcoidosis, asthma, mild obesity, left wrist tendonitis[,] . . . mild degenerative joint disease, and DeQuervain's tenosynovitis." (*Id.*) At step three the ALJ found that plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. 13.) At step four, the ALJ found that plaintiff is unable to perform any past relevant work but retains the residual functional capacity ("RFC") to perform light work with additional limitations. (R. 14, 19.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus plaintiff is not disabled. (R. 19-21)

Plaintiff's first argument, that the record does not show that she waived her right to representation, is a non-starter. Though a claimant has the right to be represented at a disability hearing, *see* 42 U.S.C. § 406, it is a right that can be waived. *See Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994) ("If properly informed of the right [to representation], the claimant may waive it."). "[A] valid waiver of counsel . . . require[s] the ALJ to explain to the pro se claimant (1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation on attorney fees to 25 percent of past due benefits and required court approval of the fees." *Id.*[2] The record here shows that, before the

---

[2] It is not clear whether this three-part test survived the 1991 amendments to the Social Security Act, which require "the Commissioner of Social Security [to] notify each claimant in writing, together with the notice to such claimant of an adverse determination, of the options for obtaining attorneys to represent individuals in presenting their cases before the Commissioner of Social Security. Such notification shall also advise the claimant of the availability to

ALJ started the hearing, she thoroughly explained to plaintiff her right to be represented, and plaintiff unambiguously waived that right. (*See* R. 28-31.) Though plaintiff did not date the written waiver-of-representation form she signed (R. 162), she has not cited and the Court has not found any authority that suggests that omission vitiates plaintiff's oral waiver of representation.

Plaintiff fares no better with her second argument, that the ALJ violated her duty to fully develop the record. "While a claimant bears the burden of proving disability, the ALJ in a Social Security hearing has a duty to develop a full and fair record," a duty that is "enhanced" when a claimant appears pro se. *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009). Specifically, an "ALJ is required to supplement the record, as necessary, by asking detailed questions, ordering additional examinations, and contacting treating physicians and medical sources to request additional records and information." *Id.* Plaintiff says the ALJ violated this duty because she did not request plaintiff's medical records for the period 2006-12, though plaintiff remembers taking medication during those years, and thus "must have had a doctor" at that time. (Mem. Supp. Pl.'s Mot. Summ. J. at 7-8.)

"Although there is no hard and fast standard that delineates what constitutes a full and fair development of the record, a significant omission is usually required before th[e] court will find that the Secretary failed to assist pro se claimants in developing the record fully and fairly." *McMurtry v. Astrue*, 749 F. Supp. 2d 875, 880 (E.D. Wis. 2010) (quotations omitted). Plaintiff has not identified such an omission, and none is apparent from the record. On the contrary, the ALJ asked plaintiff about the gap in the treatment records, and noted that records from University of Chicago Hospital and Stroger Hospital appeared to be missing from the record. (R.

---

qualifying claimants of legal services organizations which provide legal services free of charge." 20 U.S.C. § 406(c). In any event, the record shows that the Commissioner gave plaintiff the statutorily-required notice as well. (*See* R. 106-08, 131-37, 140-48.)

4

42-47, 51.) After the hearing, the ALJ requested and received records from both hospitals. (R. 252-59, 467-83.) The ALJ therefore fulfilled her duty to obtain records of plaintiff's treatment.[3]

Alternatively, plaintiff argues that the ALJ's RFC determination is not supported by the record. (*See* R. 14 (stating that plaintiff can perform light work with additional limitations).) Specifically, plaintiff argues that once the ALJ rejected the agency doctors' opinions (R. 19), which found that plaintiff's impairments were not even "severe," there was an evidentiary void that the ALJ impermissibly filled with her lay opinion of plaintiff's abilities. In other words, plaintiff claims that the ALJ, by allowing that plaintiff's impairments were severe even though the agency doctors found that there were no severe impairments, created reversible error.

The Court disagrees. First, an ALJ is not required to accept every medical opinion. *See Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 356 (7th Cir. 2005) ("[A]n ALJ is not required to accept or permitted to accept medical evidence if it is refuted by other evidence."). Second, the determination of RFC rests with the ALJ, not the physicians. 20 C.F.R. § 404.1527(d)(2). Third, the RFC formulated by the ALJ was more generous than that suggested by the medical opinions she rejected, which were that plaintiff has no severe impairments. (*See* R. 19, 82, 97.) Finally, the ALJ's decision shows that the RFC was grounded in plaintiff's medical records:

> The claimant's treatment records show that her symptoms generally resolve soon after seeking care, with diagnostic imaging generally showing no more than mild abnormalities and physical examination showing clear lungs and normal breath sounds. Moreover, in terms of her allegations of hand and wrist pain, the diagnostic imaging shows generally mild objective signs, clinical examinations have generally shown tenderness but normal motion and strength, and her treatment for her pain has generally been effective, by the claimant's own admission.
>
> Moreover, even the claimant's allegations to her treating sources are not consistent with her allegations of debilitating impairment; she reported that she

---

[3] Plaintiff also contends that the ALJ should have obtained an opinion from plaintiff's treating physician. However, it is plaintiff's obligation to offer evidence of disability, *see* 20 C.F.R. § 404.1512(a)(1), and she cites no authority for the notion that the ALJ was required to obtain a treater's opinion simply because plaintiff was proceeding pro se.

5

was able to walk three miles to a treating source, an allegation inconsistent with her reported degree of impairment. . . . Overall, . . . the claimant does have impairments, which would be reasonably expected to limit the type of work she could perform, [but] the evidence in the record does not support . . . limitations greater than those described in the above [RFC].

(R. 15-16) (citations omitted). In short, the RFC is supported by substantial evidence.

Plaintiff's last attack is on the ALJ's credibility determination,[4] which plaintiff says is "boilerplate." (Mem. Supp. Pl.'s Mot. Summ. J. at 9.) Though the ALJ used language the Seventh Circuit has characterized as boilerplate, *see Parker v. Astrue*, 597 F.3d 920, 921-22 (7th Cir. 2010), (R. 15), the fact that the ALJ did so "does not automatically undermine or discredit [her] ultimate conclusion if [s]he otherwise points to information that justifies [the] credibility determination." *Pepper v. Colvin*, 712 F.3d 351, 367-68 (7th Cir. 2013). Such is the case here. (*See* R. 15-16.) The ALJ's inclusion of the boilerplate language is thus not fatal to the credibility determination.

Nor is the ALJ's failure to address explicitly every allegation plaintiff made about her condition a fatal defect in the credibility determination. The ALJ noted that plaintiff claimed to have "disabling shortness of breath, fatigue, body aches, weakness, and coughing" but found that these allegations were not borne out by her medical records, her statements to her doctors, her reported activities of daily living, and the existence of periods in which she had poor or no compliance with treatment. (R. 15-16.) That is ample support for her credibility determination.

---

[4]The Commissioner has issued new guidance for evaluating symptoms in disability claims, which supersedes SSR 96-7p and "eliminat[es] the use of the term 'credibility'" to "clarify that subjective symptom evaluation is not an examination of an individual's character." *See* SSR 16-3p, 2016 WL 1119029, at *1 (Mar. 16, 2016). However, the factors to be considered in evaluating credibility under SSR 96-7p or symptoms under SSR 16-3p are the same. *Compare* SSR 96-7p, 1996 WL 374186, at *7 (July 2, 1996), *with* SSR 16-3p, 2016 WL 1119029, at *7 (Mar. 16, 2016).

**Conclusion**

For the reasons set forth above, the Court denies plaintiff's motion for summary judgment [19], grants the Commissioner's motion for summary judgment [24], affirms the Commissioner's decision, and terminates this case.

**SO ORDERED.**                ENTERED:  October 17, 2017

_____
**M. David Weisman**
**United States Magistrate Judge**